IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NABIL MAJED NACHAWATI II, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-0796-D |
| VS. § | |
| § | |
| SUNTRUST BANK, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant moves anew under Fed. R. Civ. P. 12(b)(6) to dismiss this action brought under the Fair Credit Reporting Act ("FCRA") for failure to state a claim on which relief can be granted. The court grants the motion and dismisses the case with prejudice.[1]

I

Plaintiff Nabil Majed Nachawati II ("Nachawati") filed this action in Texas justice court alleging that defendant SunTrust Bank ("SunTrust") was liable for violating FCRA. After SunTrust removed the case, it moved to dismiss under Rule 12(b)(6) for failure to state a claim on which relief could be granted. Nachawati did not respond to the motion, and in an April 11, 2012 order, the court granted the motion. The court concluded that Nachawati had failed to assert sufficient facts to plead plausible claims against SunTrust under FCRA.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Because Nachawati had filed his petition under the Texas pleading standard, however, the court declined to dismiss the case with prejudice, and it granted him leave to replead.

After Nachawati timely filed an amended complaint, SunTrust filed the instant motion to dismiss on May 23, 2012. As with SunTrust's first Rule 12(b)(6) motion, Nachawati has not responded to this motion, and it is now ripe for decision.[2]

II

In deciding SunTrust's motion, the court evaluates Nachawati's amended complaint by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive SunTrust's motion, Nachawati must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

---

[2]The court need not address SunTrust's contention that Nachawati is not entitled to injunctive relief under FCRA as a matter of law. Because Nachawati has failed to plead a plausible claim for relief under FCRA, he is not entitled to any requested remedy.

alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678 (citation omitted).

### III

In his amended complaint, Nachawati has narrowed his FCRA claim to one brought under § 1681s-2(b).  SunTrust maintains that this claim must be dismissed because Nachawati is relying on conclusory statements, qualified by being based "upon information and belief," that he initiated a dispute with credit reporting agencies ("CRAs"), that the CRAs notified SunTrust of the dispute, and that SunTrust violated its obligation under § 1681s-2(b) to investigate the dispute. SunTrust posits that Nachawati's amended complaint is insufficient because, without some allegations of fact to support the stated conclusions, Nachawati could survive a motion dismiss merely by highlighting sections of statutes that were allegedly violated.

The court agrees with SunTrust that Nachawati's claim that SunTrust violated § 1681s-2(b) by failing "to conduct an adequate and truthful investigation" is based on conclusory allegations that fail to state a plausible claim for relief.  As SunTrust points out, "[r]ather than allege a single factual allegation, Nachawati simply recites an outline of the statute and concludes, with nothing more than unspecified 'information and belief' as support, that these elements have been met." D. Br. 5.

Additionally, the amended complaint contains no factual allegations to support a

conclusion that SunTrust failed to investigate allegedly erroneous credit reporting upon receipt of a notice of dispute by a CRA.

Accordingly, the court grants SunTrust's May 23, 2012 motion to dismiss for failure to state a claim on which relief can be granted. Because the court has already permitted Nachawati to amend his complaint, and because he has not responded to either motion to dismiss, the court dismisses this action with prejudice, and without leave to amend.

**SO ORDERED**.

July 24, 2012.

                                              SIDNEY A. FITZWATER
                                              CHIEF JUDGE